In re NEADERTHAL et al.

FREUNDLICH et al. v. EISENBACH.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 208.

BANKRUPTCY ⬦⇒326—PROVABLE DEBTS—SET-OFFS—"MUTUAL DEBTS."

A debt owing from a bankrupt partnership to a creditor and one owing from the creditor to an individual partner are not "mutual debts," which may be set off against each other, under Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 565 (Comp. St. 1913, § 9652).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. ⬦⇒326.

For other definitions, see Words and Phrases, First and Second Series, Mutual Debts.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order reversing the order of the referee in bankruptcy, allowing a claim of $9,445.58 filed by the appellants against the estate of the bankrupts. Affirmed.

David Steckler, of New York City, for appellants.

Rosenthal & Heermance, of New York City (David Haar, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The referee allowed a claim of $9,445.58 against the bankrupts' estate, filed by the appellants. The District

Court reversed this order and disallowed the claim as filed. The appellants are executors and trustees under the will of Rose Neaderthal, deceased, who was the mother of Samuel and William. These persons and William Plapinger, were the members of the firm of Wm. Neaderthal & Co. of which firm the bankrupts are the surviving partners. William died in April, 1911, and on his death the testatrix received $16,000 insurance upon his life. Of this amount she loaned the bankrupt firm about $12,000, as follows: On April 14, 1911, she made a loan of $8,000; on April 30, 1912, a further loan of $3,000 to the bankrupt firm and on June 27, 1912, another loan to them for $1,000, and received the firm's notes therefor. She died in December, 1912, leaving a will by which she directed that her residuary estate should be divided into five equal parts, one of which, about $2,400, is payable to the bankrupt, Samuel Neaderthal, as residuary legatee. This is the sum which the bankrupts seek to set off against the indebtedness of the bankrupt firm. The trustee objected to this being done, but the referee permitted the claim to stand as filed. The District Judge overruled this decision on the ground that any set-off or counterclaim must come within the provisions of section 68 relating to set-offs and counterclaims. Subdivision "a" of section 68 of the law is as follows:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

The executors under Rose's will presented a claim against the bankrupt firm in which they credit $2,400, the interest of the bankrupt Samuel Neaderthal in the estate of Rose Neaderthal. This set-off is disputed because it is not a case of mutual debts and credits. It seems to us that the bankruptcy act does not permit the appellants Freundlich and Samuel Neaderthal to set off the legacy which is due from them to the bankrupt Samuel Neaderthal against the sum owing by the bankrupts as copartners to the executors, for the reason that the debts are not mutual. The appellants, as executors under the will of Rose Neaderthal, owe the individual bankrupt Samuel Neaderthal $2,400 and the partnership owes the executors for moneys loaned to it a sum approximating $12,000. These are not mutual debts and cannot be set off against each other.

If A. owes B. $100 and B. owes A. $100 it is plain that one debt cancels the other and neither owes the other anything. But if A. owes B. $100 and B. owes A. and C. $100, it is manifest that one cannot be offset against the other unless the amount which is due from B. to A. is ascertained and agreed upon between the parties. In the case at bar, the copartnership estate owes the executors $12,000. The fact that the $8,000 note was indorsed by the individual partners does not alter the situation. The copartnership estate is separate and distinct from the individual estates of the partners. The executors owe the partnership nothing.

The decree is affirmed with costs.