## In re BURGEMEISTER BREWING CO.

District Court, S. D. Illinois, S. D.
Sept. 13, 1935.

Bottum, Hudnall, Lecher, Michael & Whyte, of Milwaukee, Wis., and Barber & Barber, of Springfield, Ill., for petitioner.

Lee Siebenborn, of Carthage, Ill., for trustee.

MAJOR, District Judge.

Michael Yundt Company, a corporation of the state of Wisconsin, presents its petition praying for an order directing Cyrus Phillips, trustee of Burgemeister Brewing Company, a corporation, appointed as such, in a proceeding by said corporation for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207), to return certain described personal property. The petition, among other things, alleges the petitioner sold to the Burgemeister Brewing Company on conditional sales contract certain property, a portion of which was delivered to the said company and is now in the possession of the said trustee. The contract price for the portion of the property thus delivered, according to the petition, was $15,000, upon which the sum of $6,000 was paid, leaving a balance of $9,000 due and owing the petitioner. A copy of the sales contract is attached to and made a part of the petition before the court.

In the proceedings for reorganization the court on December 12, 1934, entered an order providing, among other things, as follows, "That all creditors, claimants and stockholders against the debtor or its property, shall file with the clerk of the court, on or before January 1st, 1935, their claims conformable to the statute in such case made and provided," made provision for the giving of notice of such order, and fixed a time for the hearing of claims and objections thereto. A hearing was had upon claims filed in conformity to said order and on May 21, 1935, an order was entered classifying all claims thus filed. Claims based upon conditional sales contracts were grouped in one class; those based upon mechanic's liens in another class; and general creditors in a third class. The order specifically provided that all claims other than those mentioned in said order were disallowed.

It is alleged by the trustee, in answer to the petition, that petitioner had actual notice of the order of court with reference to the time fixed for filing claims, which is not denied by petitioner but tacitly admitted. No response was made by petitioner to said notice or order. It is the position of the petitioner that under the law of Illinois title to the property described in the sales contract remained in the vendor (petitioner herein) and that provision in the court order of December 12, 1934, above referred to, could have no application to petitioner. In other words, it is not a creditor, claimant, or stockholder against the Burgemeister Brewing Company or its property within the meaning of the court order above referred to and therefore has the right to maintain this proceeding for possession of its property. In other words, the sole question before the court is whether or not a party who claims title to property, under a conditional sales contract, in the possession of a trustee, can ignore a court order as was entered in this matter and at some subsequent time maintain a proceeding for the possession of such property. The court order above referred to was, no doubt, in conformity with clause 6, par. (c), § 77B, of the Bankruptcy Act, 11 USCA § 207 (c) (6), which provides the court "shall determine a reasonable time within which the claims and interests of creditors and stockholders may be filed or evidenced and after which no such claim or interest may participate in any plan, except on order for cause shown." In construing this language, it is necessary to refer to definitions of certain terms as found in the act. In clause 10, par. (b), § 77B, of the act, 11 USCA § 207 (b) (10), among other definitions is found the following: "The term 'creditors' shall include * * * all holders of claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this act [title]. The term 'claims' includes debts * * * or other interest of whatever character."

■ It is argued by counsel for petitioner that paragraph (n) of section 93, title 11 USCA, presents an analogous situation. This clause provides, so far as is here material, "claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication." Certain authorities are cited to the effect that this clause is not binding upon one who seeks to recover property in the possession of the trustee. There is authority to the contrary, but conceding this to be the proper construction of this section, is it analogous to the extent that such authorities carry any considerable weight in determining the matter now before the court? It will be noted that the language defining the term "creditor"

and the term "claim" as above quoted is far more inclusive than the mere term "claim" as used in the act last above quoted. It would seem that it was the intention of Congress to bring within this reorganization act all claims and interest of whatever kind or character. Otherwise what could be meant by the language "including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this act [title]?" The contract herein involved certainly is an executory contract and it undoubtedly is a matter in which the trustee of the debtor corporation has an interest. For instance, the trustee, if he so elects, has a right to pay the balance due the vendor and thereby prevent any reclamation or other proceeding for possession of the property. In addition to the meaning of these terms as defined by Congress, which to my mind shows the clear intent, it is reasonable to conclude that Congress intended the legislation should be effective and a debtor enabled to accomplish the purpose of the act. If the petitioner herein is not bound by the order of court fixing a time in which claims must be filed, after actual notice of such order, and is permitted at this late date to reclaim property in the possession of the trustee, then some other party could do the same next week or any subsequent time and there would be no end to the confusion and uncertainty which would result. No party interested in the reorganization of a corporation could propose a plan with any certainty and surely no person under such circumstances could be induced to furnish money to carry out any plan proposed. A construction of this act such as petitioner proposes would greatly minimize, if not entirely negative, any benefits which might be hoped for.

It is, therefore, the opinion of this court that one who has title to property in the possession of a trustee under the circumstances here presented is bound by an order of court fixing the time in which its claim or right must be presented. This conclusion does not affect the rights under the Illinois statute (Smith-Hurd Ann. St. Ill. c. 121½, § 1 et seq.) of a vendor in a conditional sales contract where the vendee corporation seeks a reorganization, but merely concerns the time and manner in which such rights must be asserted.

The prayer of the petition is therefore denied and the same dismissed. An order may be presented by the trustee in accordance with the views herein expressed.