### In re MIDLAND UNITED CO.

### No. 1073.

District Court, D. Delaware.

Oct. 21, 1935.

T. Gerald McShane, of Grand Rapids, Mich., for Henry Van Aalderen.

Henry H. Hornbrook, of Indianapolis, Ind., for Hugh M. Morris and others, trustees.

NIELDS, District Judge.

The jurisdiction of this court over Henry Van Aalderen, a citizen and resident of the Western District of Michigan, is the only question now before the court.

April 9, 1935, the trustees of the debtor petitioned this court for a rule requiring Van Aalderen to show cause "why he should not be enjoined and restrained from the further prosecution" of a certain suit in the District Court of the United States for the Northern District of Illinois, Eastern Division. Thereupon an order was made that Van Aalderen show cause on April 19, 1935, why he should not be enjoined as prayed in the petition. By way of special defense Van Aalderen moved the court for leave to enter a special appearance for the sole purpose of questioning the jurisdiction of this court "and to that end only" of moving to quash the rule to show cause and to dismiss the petition of the trustees. Leave to enter a special appearance was granted. Thereupon Van Aalderen made answer:

"Now comes Henry Van Aalderen, appearing specially in this matter, and by way of special answer to the order to show cause made in the above entitled matter on the 9th day of April, 1935 and the petition heretofore filed in said matter by the Trustees of the debtor petitioner, upon which said order to show cause was made, and alleges and shows unto the Court as follows:

"Said Henry Van Aalderen is a citizen and resident of the Western District of Michigan and is not a citizen or resident of the state or district of Delaware and this Court has no jurisdiction over the said Henry Van Aalderen to enjoin him in the manner prayed for in said petition."

It appears from the petition of the trustees that in 1933, before these proceedings under section 77B of the Bankruptcy Act (11 USCA § 207) were instituted, Van Aalderen, as a stockholder of American Public Utilities Company (a corporation of the state of Delaware), had filed his bill in equity in the court in Illinois against the debtor and others charging that a "pretended merger" had been unlawfully and fraudulently effected between American Public Utilities Company and debtor whereby all the assets of American Public Utilities Company had been transferred to debtor without Van Aalderen's consent as such stockholder. Van Aalderen alleged that such merger and transfer of assets were

void and should be set aside. For relief he asked that the merger be adjudged void, the transfer of assets set aside, and American Public Utilities Company revested with title to said assets, but "if such relief prove impracticable that the debtor be decreed to pay him the true value of the stock held by him in American Public Utilities Company, alleged to be of not less than $65,000 value."

The trustees of debtor in their petition further state that the assets received by debtor from American Public Utilities Company through the merger attacked in said suit constitute probably approximately one-fourth in value of all the assets of the debtor now in their hands; that the continuation of his suit by Van Aalderen constitutes a wrongful and inequitable impediment and hindrance to the conduct of this proceeding and the consummation of the reorganization of the debtor intended to be made herein; that by subsection (a) of section 77B of the Bankruptcy Act, 11 USCA § 207 (a) this court has exclusive jurisdiction of the debtor and of all its property wherever located, and therefore has exclusive jurisdiction of the assets received by the debtor from American Public Utilities Company.

The trustees of debtor in their petition further state that before the institution of these proceedings for the reorganization of the debtor under section 77B the debtor appeared specially in the suit brought by Van Aalderen in the Northern District of Illinois and objected to the venue thereof, which objection was overruled; that since the institution of these proceedings debtor filed its motion in the Illinois court to dismiss the bill of Van Aalderen and also its motion to enjoin the further prosecution of his suit on account of the pendency of this proceeding in this court, both of which motions are now held under advisement in the District Court of Illinois and the suit remains pending and undetermined in that court.

April 1, 1935, the Supreme Court of the United States decided the case of Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pac. Ry., 294 U. S. 648, 55 S. Ct. 595, 609, 79 L. Ed. 1110. Defendant in that case had filed its petition stating it was unable to meet its debts as they mature, and seeking reorganization under section 77 of the Bankruptcy Act (11 USCA § 205). The court held that in such a reorganization proceeding the bankruptcy court had jurisdiction to enjoin creditors who hold collateral notes of the debtor secured by its bonds and by bonds of its subsidiaries from selling the collateral under power of sale in the notes, where such sale would so hinder, obstruct, and delay the preparation and consummation of a plan of reorganization as probably to prevent it. The court further held that a District Court having jurisdiction of a reorganization proceeding under section 77 may issue process for service outside its district. On this head the court said: "The territorial jurisdiction of the district court is assailed by three of the banks on the ground that they were located outside the Northern District of Illinois. The contention is that the district court was without power to issue its process for service outside the district. Section 77 (a), 11 USCA § 205 (a), provides that after the petition of the railroad company is approved, 'the court in which such order approving the petition is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located.' Congress may authorize the civil process of a federal district court to be served upon persons in any other district. * * * The equity in the collateral remaining in the railroad company is property; and over this property, wherever located, the federal district court is given exclusive jurisdiction by the precise language of section 77, just quoted. As a necessary consequence of that jurisdiction, the court ·must have the power to preserve and safeguard the property for the benefit of the trust estate so far as that is compatible with the rights of the pledgees. Jurisdiction over the property wherever located carries with it jurisdiction to enjoin, in a proper case, interferences with the property, and this includes, by necessary inference, the power to send process to that end for service upon the persons to be enjoined wherever they may be found within the United States."

This recent Supreme Court case is decisive of the sole question now before the court. By the steps taken in these reorganization proceedings, this court has jurisdiction over Henry Van Aalderen.

A question for future consideration is whether this court, in the exercise of its judicial discretion, should enjoin Henry Van Aalderen from further prosecuting his suit in Illinois as prayed for by the trustees in

their petition. Apparently the discretion of this court is invoked by the trustees of the debtor to stay the trial of a plenary suit brought by Van Aalderen against the debtor and others in which the status and interest of the parties in that suit are adverse. There Van Aalderen is claiming a lien and title to property adverse to the trustees of the debtor. To properly raise such question leave is accorded to Van Aalderen to file further answer to the petition of the trustees of the debtor.