### In re UNITED CIGAR STORES CO. OF AMERICA.

#### No. 264.

Circuit Court of Appeals, Second Circuit.
March 16, 1936.

Sheafe & McEwen, of New York City (Charles M. Sheafe, Jr., of New York City, of counsel), for claimant-appellees.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney, Donald C. Swatland, and Benjamin R. Shute, all of New York City, of counsel), for Irving Trust Co. as trustee, etc.

M. Carl Levine, of New York City, for intervener Jacob Ruppert Realty Corporation.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Both the Irving Trust Company, trustee of the debtor, and Morris, Van Wormer, and Gray, tort creditors, appeal from an order entered which granted leave to file a tort claim and directed its adjudication in the court below. Claiming damages for alleged fraudulent and deceitful representations in issuing a prospectus which resulted in the sale of securities to petitioners, they sued the United Cigar Stores Company of America, and others, in the New York state court in July, 1932. On August 29, 1932, the United Cigar Stores Company of America was adjudged a bankrupt. On June 14, 1934, a petition under section 77B of the Bankruptcy Act (11

U.S.C.A. § 207) was approved and on July 17, 1934, an order was entered which provided that all claims must be filed before October 10, 1934, "except on order for cause shown." On March 19, 1935, petitioners asked leave to file their claim. The special master denied such leave but the court below reversed and granted permission directing that the claim be litigated in the District Court.

Section 77B (c) (6), 11 U.S.C.A. § 207 (c) (6) provides that the court "shall determine a reasonable time within which the claims and interests of creditors and stockholders may be filed or evidenced and after which no such claim or interest may participate in any plan, except on order for cause shown."

This provision we think was intended to assimilate the procedure with respect to proofs of claim in corporate reorganizations to that prevailing in equity receiverships, and grants discretion in the District Court to permit the filing of proofs of claim after the time limit therefor. The rule respecting equity receiverships has been that, notwithstanding the expiration of the time limit for filing proofs of claims, the court will grant to a creditor leave to file such proof unless the proceedings have reached such a point that their purpose would be frustrated or substantial rights of other creditors be impaired by such permission. St. Louis & Santa Fe R. Co. v. Spiller, 274 U.S. 304, 47 S.Ct. 635, 71 L.Ed. 1060; People of State of New York v. Hopkins, 18 F.(2d) 731 (C.C.A.2); Employers' Liability Assur. Corporation v. Astoria Mahogany Co., 6 F.(2d) 945 (C.C.A.2). In Matter of Burgemeister Brewing Co., 11 F.Supp. 902 (D. C.S.D.Ill.), the petitioner was asserting his right to ignore a bar order on the ground that it was inapplicable to him. The holding to the contrary sheds no light on the question at bar.

No plan of reorganization has been submitted in this proceeding, and no change has taken place in the status of the parties or at least those interested in the estate, and we see nothing which would make it inequitable to permit the petitioners to file their proof of claim. The claim for damages was known, and no one has been misled. It was November 26, 1934, when attorneys for the petitioners were first notified of the stay order, but they did not see a copy of the order until April 24, 1935,

and the attorneys say their failure to notice this last date of filing October 10, 1934, "was due wholly to inadvertence in the office of claimant's attorneys."

This tort claim seems to have been quite actively and vigorously prosecuted by petitioners prior to the filing of any claim in bankruptcy or under section 77B. There were seven contested motions and three appeals in the state court and examinations before trial, all of which indicate good faith in presenting the claim. There appears to be sufficient cause shown for granting the order in the exercise of the court's sound discretion.

As to petitioners' appeal, it appears the state court suit has been on trial against defendants other than petitioners. It was properly ruled below that the claim should be litigated in the section 77B proceedings in the District Court.

Order affirmed.