## In re MIDLAND UNITED CO.
### No. 1073.

District Court, D. Delaware.
March 1, 1938.

Millard B. Kennedy (of Kennedy & Fischer), of Chicago, Ill., for trustees.

T. Gerald McShane, of Grand Rapids, Mich., for Henry Van Aalderen.

NIELDS, District Judge.

At an earlier stage of this matter upon petition of the trustees of the debtor this court issued a rule requiring Henry Van Aalderen, the respondent, to show cause "why he should not be enjoined and restrained from the further prosecution" of a certain suit in the District Court of the United States for the Northern District of Illinois, Eastern Division. Van Aalderen entered a special appearance and moved to quash the rule. He also filed a special answer alleging that "this Court has no jurisdiction over the said Henry Van Aalderen to enjoin him in the manner prayed for in said petition." This court held it has jurisdiction over Henry Van Aalderen. In re Midland United Co., D.C., 12 F.Supp. 502, 503. In concluding its opinion the court said: "A question for future consideration is whether this court, in the exercise of its

---

[1] No opinion for publication.

judicial discretion, should enjoin Henry Van Aalderen from further prosecuting his suit in Illinois as prayed for by the trustees in their petition. Apparently the discretion of this court is invoked by the trustees of the debtor to stay the trial of a plenary suit brought by Van Aalderen against the debtor and others in which the status and interest of the parties in that suit are adverse. There Van Aalderen is claiming a lien and title to property adverse to the trustees of the debtor. To properly raise such question leave is accorded to Van Aalderen to file further answer to the petition of the trustees of the debtor."

July 10, 1936, this amended petition was filed seeking injunctive relief and praying: (a) That Van Aalderen be enjoined from prosecuting or maintaining his suit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled "Henry Van Aalderen, Plaintiff, v. Midland United Company, a Corporation, American Public Utilities Company, a Corporation," et al., No. 13549; and (b) that this court determine the rights and claims, if any, of respondent Van Aalderen against the property and estate of the debtor. To this amended petition Van Aalderen filed an answer admitting the material facts alleged in the amended petition of the trustees but denying their legal effect. In other words, the issue as defined by the amended petition and answer is whether this court has jurisdiction in this proceeding over the entire property and estate of the debtor and its consequent right to enjoin Van Aalderen in the prosecution of his suit in Illinois.

November 24, 1930, Midland United Company and American Public Utilities Company (hereinafter referred to as American), both Delaware corporations, were merged and consolidated in conformity with the provisions of the general incorporation laws of Delaware into Midland United Company, the debtor. At the date of said merger and consolidation Midland United Company was a substantial stockholder of American. At that time the principal properties controlled by American, directly or through a subsidiary holding company, were located in Central and Western Indiana, and the properties of Midland United Company were located in Indiana, both north and south of the properties of American. The properties controlled by each company were principally electric utilities and, to a less extent, gas, water, heat, and railway utilities.

November 24, 1930, the date of said merger, the separate existence of American ceased. Debtor became possessed of all the property, real, personal, and mixed, of American and became liable for all the debts and liabilities of American. In his answer Van Aalderen admits that notice of the proposed merger and of the stockholders' meeting was mailed him more than twenty days before the meeting and that publication thereof was made as required by Delaware laws; he further admits that he did not attend the stockholders meeting, did not object in writing to the merger, and did not within twenty days demand payment of the value of his stock in debtor.

As a result of said merger and consolidation the 79,069 outstanding shares of the common stock of American were converted into common stock of the debtor on the basis of one share of American for 4.5 shares of debtor. The 500 shares of common stock of American standing in the name of Van Aalderen were converted into 2,250 shares of the common stock of debtor.

At the date of said merger and consolidation, American was indebted in a sum in excess of $16,300,000. Following said merger and consolidation this debt was paid or liquidated except the sum of $17,557.71. Part of this debt was liquidated during these reorganization proceedings. As a result of said merger and consolidation, debtor became the owner of all the property and estate of American consisting of eleven large blocks of securities and thereafter sold the larger part thereof.

November 7, 1933, three years after said merger and consolidation, Van Aalderen filed a bill in equity in the United States District Court for the Northern District of Illinois, Eastern Division, against the debtor and American and other corporate and individual defendants, praying for a decree that the merger be set aside as a fraud upon him and other minority stockholders of American and that American be recreated and all its assets returned to it, or if such relief be impractical, that the court determine the value of plaintiff's stock, as of November 24, 1930, and decree that the debtor is liable therefor and that it pay such value to plaintiff. This Illinois suit has never been tried nor any final decree entered therein.

June 9, 1934, debtor filed its petition in this court for reorganization under section

77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Thereafter the court entered its decree continuing the debtor in possession and enjoining, inter alia, "all persons, firms and corporations whatsoever, and wheresoever situated, located or domiciled, * * * from commencing or continuing any judicial proceeding to enforce any lien upon the estate of the Debtor, or from bringing any new suits or actions accruing prior to this date, except with the permission of this Court."

Paragraph (14) of the amended petition alleges: "(14) That on said merger and consolidation becoming effective Midland United Company, debtor, became vested with and possessed of the following assets, among others, formerly assets of said American Public Utilities Company, one of the merging and consolidating corporations, viz.: * * *." Then follows a list of the eleven large blocks of securities constituting the estate of American. To this paragraph alleging the transfer by American to debtor of its estate, Van Aalderen made answer: "14. Having no knowledge of the matters alleged in paragraph 14, said Van Aalderen admits the facts therein stated for the purposes of the amended petition only, but denies the conclusions of law therein stated." This answer is an admission by Van Aalderen that upon the consolidation and merger alleged in the amended petition the entire estate of American became and was part of the estate of the debtor.

■ The jurisdiction of a court of bankruptcy under section 77B is nation-wide and exclusive. Section 77B (a), 11 U.S.C.A. § 207(a), provides that the federal court in which the order of adjudication in bankruptcy was entered "shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located." A bankruptcy court having assumed jurisdiction over the entire estate of a debtor acquires exclusive jurisdiction thereof. This court cannot exercise judicial discretion in enjoining Van Aalderen from further prosecuting his suit in Illinois. In the exercise of its exclusive jurisdiction this court is bound to protect the estate of the debtor and is bound to enjoin a suit in Illinois seeking to disrupt the estate of the debtor or to subject it to liens.

The Supreme Court of the United States has declared: "Section 77(a), 11 U.S.C.A. § 205(a), provides that after the petition of the railroad company is approved, 'the court in which such order approving the petition is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located.'" Continental Bank v. Chicago, Rock Island Ry. Co., 294 U.S. 648, 682, 55 S.Ct. 595, 79 L.Ed. 1110.

Where a bankruptcy court granted leave to a creditor to bring proceedings in another federal court to establish a claim against the bankrupt's estate in the hands of a trustee, the Supreme Court held:

"But we are concerned with a suit against a trustee, the purpose of which is to control the distribution of a fund in his possession, admittedly belonging to the bankrupt's estate, and to determine to what extent and in what order the several creditors shall participate therein. * * *

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money, and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them. * * * Of the fact that the suit was begun in the circuit court with the express leave of the court of bankruptcy it suffices to say that the latter was not at liberty to surrender its exclusive control over matters of administration, or to confide them to another tribunal." United States Fidelity Co. v. Bray, 225 U.S. 205, 216, 32 S.Ct. 620, 624, 56 L.Ed. 1055.

A company was adjudicated a bankrupt in Texas and a creditor filed suit in Arkansas to foreclose a mortgage on land owned by the bankrupt. The bankruptcy trustee had the foreclosure proceedings removed to the federal court in Arkansas. The Supreme Court held that neither the state court nor the federal court in Arkansas had jurisdiction over the bankrupt's estate.

"Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy

court. * * * It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. * * * When this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts. * * * Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. * * * Upon removal into the federal court upon the ground of diversity of citizenship, the latter court had no higher or different right to interfere with the bankruptcy administration than had the state court. * * * The jurisdiction in bankruptcy is made exclusive in the interest of the due administration of the estate and the preservation of the rights of both secured and unsecured creditors. This fact places it beyond the power of the court's officers to oust it by surrender of property which has come into its possession. * * * Indeed, a court of bankruptcy itself is powerless to surrender its control of the administration of the estate. U. S. Fidelity & G. Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055. The action of the trustee in removing the cause could not, therefore, divest the Texas District Court of its jurisdiction." Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 271, 75 L.Ed. 645.

The exclusive jurisdiction of the bankruptcy court under section 77B is thus stated in the Second Circuit:

"Section 77B was planned to bring such proceedings within the paramount and exclusive jurisdiction of one bankruptcy court. It was intended to provide a centralization of administration. Section 77B extended the jurisdiction of the District Court over the affairs of insolvent corporations, gathering in their assets wherever located. Jurisdiction to enjoin and stay any suit to enforce a lien was expressly conferred upon the judge approving the petition. There is no doubt Congress had the power to make the process of the District Court run throughout the United States. * * *

"Section 77B(a) of the act, 11 U.S.C.A. § 207(a), grants exclusive jurisdiction of the debtor and its property wherever located for the purpose of this section. Section 77B (c) (10) of the act, 11 U.S.C.A. § 207(c) (10), grants the power of staying the commencement or continuation of suits against the debtor until after final decree, or the staying of the commencement or continuance of any judicial proceedings to enforce any lien upon the estate until after final decree. * * *

"Thus the scheme of the act was to bring all the property of the debtor, wherever it may be located, into the exclusive jurisdiction of one court. By a wide sweep of power, exclusive jurisdiction of all property wherever located is given with the power to stay or enjoin 'any judicial proceeding to enforce any lien upon the estate,' as well as the power to stay not only the commencement, but also the continuation of suits against the debtor." In re Greyling Realty Corporation, 74 F.2d 734, 736.

A corporation filed a petition in the United States District Court for the Northern District of Illinois, Eastern Division, for reorganization under the provisions of section 77B. Prior to the filing of this petition a foreclosure proceeding in the Illinois state court had proceeded to the point of the sale of the property, but the sale had not been confirmed. At the date of the filing of the 77B petition, a proceeding was also pending in the circuit court of Cook county, Ill., against the debtor and others based on alleged fraud in the sale of bonds to the plaintiff in that suit and misconduct with respect to the debtor's property. The court enjoined the creditors and all others from further prosecution of such actions, saying: "The jurisdiction of a Federal Court of Bankruptcy is exclusive, and it supersedes the jurisdiction of the state court with respect to all the debtor's property. * * * That jurisdiction can not be defeated by the fact that the state court has assumed jurisdiction of a suit for fraud against the debtor in which he is about to render, or even has rendered, a judgment which is not subject to discharge in bankruptcy." In re Cloisters Bldg. Corporation, 7 Cir., 79 F.2d 694, 696.

The issue before the court is whether the claims of Van Aalderen should be determined by this court or by the Illinois court. He contends that his claim to a lien or title to debtor's property should not be heard in a summary proceeding because there is no showing that his claim is merely colorable. A ready answer is that it is only where the debtor in bankruptcy does not have possession of the property that the question as to whether the claim is colorable arises. Here, the authorities cited establish

the exclusive jurisdiction of this court to hear and determine Van Aalderen's claims.

The Illinois suit seeks to set aside the merger and consolidation of Midland United Company and American on the ground that such merger and consolidation were fraudulent and void. The only defendant in the Illinois suit against whom Van Aalderen claims he is entitled to recover is the debtor. The relief sought by Van Aalderen can be granted by this court if it determine Van Aalderen is entitled thereto. This court has jurisdiction over the claims and the claimant notwithstanding other defendants may be involved in the litigation. A tort claim for fraud and deceit vigorously prosecuted in a state court against a corporate debtor and others should be litigated in the section 77B proceedings in the Federal District Court, notwithstanding the fact that other defendants than the debtor were involved in the suit. In re United Cigar Stores Co. of America, 2 Cir., 82 F.2d 744.

The prayers of the amended petition for injunctive and other relief must be granted.