### In re MOUNTAIN STATES POWER CO.
### No. 1286.

District Court, D. Delaware.
July 29, 1938.

Josiah Marvel, Jr. (of Marvel, Morford, Ward & Logan) of Wilmington, Del. for petitioner Grace M. Ireland.

William H. Foulk (of Satterthwaite & Foulk) of Wilmington, Del., for debtor.

NIELDS, District Judge.

Petition for leave to prosecute pending litigation against the debtor in the District of Wyoming.

The executrix of the last will of Rufus J. Ireland filed her petition in these proceedings asking leave to prosecute a suit heretofore brought by her in the District Court of the United States for the District of Wyoming against The Thermopolis Northwest Electric Company and Mountain States Power Company, the debtor.

It appears from the bill of complaint filed in that suit:

"It prays for an accounting and reimbursement to the plaintiff of moneys paid by Rufus J. Ireland or his estate in defense of an action called the Clarke suit and the expenses and the amount of settlement of another action called the Cuff suit. The bill alleges that the accounting is due because of a resolution of the board of directors of The Thermopolis Northwest Electric Company adopted October 29, 1926 and fully recited therein.

"The bill further alleges that on December 17, 1925 Rufus J. Ireland purchased at public sale for delinquent taxes, held by the treasurer of Hot Springs County, Wyoming, the personal property of Hot Springs Electric Light & Power Company for $8,-213.33. That on February 9, 1926, eight months before the adoption of the resolution above referred to, Rufus J. Ireland sold the certificate of sale to Monument Hill Electric Company, the name of which was changed to The Thermopolis Northwest Electric Company, defendant in the bill. The resolution refers to a suit brought by Henry T. Clarke in the District Court of the United States for the District of

Wyoming against Hot Springs Electric Light & Power Company, Wyoming Trust Company, Monument Hill Electric Company, Rufus J. Ireland and others, known as No. 1659 in said court, and inter alia recites an undertaking 'to indemnify and hold harmless R. J. Ireland from any and all liability incurred or assumed by him by reason of the sale by him to this corporation of the property and rights acquired by him at the tax sale of the property of the old Hot Springs Electric Light & Power Company', and to 'hold the said R. J. Ireland harmless from any and all damages, expense, loss, or other liability which he may sustain by reason of the suit brought against him and this corporation and others by the said Henry T. Clarke, now pending in the United States District Court at Cheyenne'.

"That the Clarke suit was dismissed without prejudice and another suit was filed in that court by Morris G. Clarke and Henry T. Clarke against the same defendants, together with others, known as No. 1811 in that court.

"That on November 11, 1927, Hot Springs Electric Light & Power Company and Thomas J. Cuff as trustee for certain of its bonds and stockholders, filed a suit against Rufus J. Ireland in the Supreme Court of Nassau County, State of New York. A copy of the complaint in this New York action is attached to the bill as exhibit 'A' and discloses that the action is based upon an alleged breach of contract by Rufus J. Ireland to purchase the property of the Hot Springs Electric Light & Power Company for $205,686.67. This complaint charges fraud in that it alleges that Ireland purchased the properties at a tax sale as part of an agreement and later converted the properties to his own purposes.

"That the Clarke suit proceeded to final decree, was appealed to the Circuit Court of Appeals and a petition for writ of certiorari was denied by the United States Supreme Court; that thereafter the sum of $92,160. decreed by the court to be paid to the bondholders of the Hot Springs Electric Light & Power Company was paid. Clarke v. Hot Springs Electric Light & Power Co., 55 F.2d 612. There it appears that Monument Hill Electric Company was incorporated by Ireland in February, 1926 for the purpose of acquiring and operating the properties of Hot Springs Electric Light & Power Company and that later he transferred the stock of Monument Hill

Electric Company to Northwest Power Company in return for stock of the latter company of the par value of $360,000. This latter company was controlled by persons named Rothwell, who were creditors of Ireland. The trial court held the tax sale void; that a foreclosure of the mortgage would not afford adequate relief and ordered Ireland and The Thermopolis Northwest Electric Company to pay into court $92,160. Costs were taxed against Ireland and The Thermopolis Northwest Electric Company.

"That the decree in the Clarke suit was urged in the Cuff suit as a basis for a motion to dismiss on the ground that plaintiffs had elected their remedy and their claims were res judicata. The motion was denied. Thereafter the executrix of Rufus J. Ireland made a settlement with the original claimants in the Cuff suit for $20,000.

"That the debtor herein acquired the properties of The Thermopolis Northwest Electric Company without valuable or adequate consideration in a transaction which was a practical absorption of that company by the Debtor herein.

"The statement of claim attached to the bill of complaint shows total expenditures of $45,605.08."

Defendants, The Thermopolis Northwest Electric Company and Mountain States Power Company, filed a motion to dismiss the above bill of complaint (1) on the ground that the bill was without equity, (2) that certain allegations in the bill were redundant, irrelevant and not pertinent to the issue, and (3) that the bill was insufficient in a number of particulars. This motion has never been argued and the case in the United States District Court for the District of Wyoming is not at issue on the merits.

The reasons for petitioning this court for leave to prosecute the debtor in the case pending in the District Court of Wyoming appear in the petition and in the affidavits filed in support thereof.

The first reason is that "the pending litigation in equity and justice to the plaintiff requires that certain matters and things be accomplished which are not within the power of a referee in bankruptcy". This court and its referee in bankruptcy have all the powers possessed by the court in Wyoming. This reason therefore appears untenable.

The second reason is that great inconvenience, expense and difficulty will be im-

posed upon plaintiff if she presents her case to the referee or special master in bankruptcy in Delaware. No proof of these facts is offered and this court can not assume their truth.

The third reason is that one trial or hearing will be eliminated if the suit is tried in Wyoming. Reasonable expedition is the thing desired. This court will secure that through its own agencies.

The fourth reason is that petitioner's Wyoming counsel are familiar with the case and petitioner desires to have them continue to prosecute the litigation, and that she will be put to additional expense if trial is in Delaware. The claim or suit is based upon an alleged indemnity agreement. It is difficult to see how local counsel for petitioner could expend a great amount of time and effort in preparing the case for trial. It does not appear that intimate details of all the past history of the proceedings are necessary. It will be necessary for debtor to pay for additional counsel in Wyoming if the litigation continues there.

The fifth reason is that certain of petitioner's witnesses including accountants, former officers and directors of The Thermopolis Northwest Electric Company and public officials and officers of the court reside in Wyoming and that petitioner would be put to additional expense if required to bring them to Delaware. The testimony of these witnesses could be taken by deposition in Wyoming. From the debtor's standpoint it would be more convenient to have the trial in Delaware. Debtor's books of account and certain of its accounting officers are located in Chicago and are therefore more readily available to the Delaware jurisdiction.

The sixth reason is that the books and records necessary for the trial are in Wyoming and would entail considerable expense if brought to Delaware. In reality this expense is not an onerous one.

The last reason is that no property of the debtor will be disturbed and no rights of the debtor will be affected by granting the petition. The bill of complaint filed in Wyoming is based upon the theory that debtor acquired its properties in a transaction which was without valuable consideration and thereby petitioner acquired an equitable lien upon the properties of the debtor. It is sufficient to say that this court in adjusting all the affairs of the debtor in reorganization should control

all the litigation against the debtor except in very special cases. More particularly is this true where the case in the foreign jurisdiction is not as yet at issue on the merits. In re Midland United Co., D.C., 22 F.Supp. 751.

Granting or denying the prayers of the petition is wholly within the discretion of the court. The reasons urged on behalf of the petitioner are not potent enough to move the court to grant the prayers of the petition. Balancing the conveniences would indicate that petitioner's claim can be more expeditiously adjudicated in this court as part of these proceedings.

The petition must be denied.