**EVERGREEN FARMS CO. et al. v. WILLA-
CY COUNTY WATER CONTROL &
IMPROVEMENT DIST. NO. 1.**

No. 9954.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1941.

Rehearing Denied Jan. 12, 1942.

J. E. Wilkins and Orville I. Cox, both of Mission, Tex., and C. D. Jessup, of Houston, Tex., for appellants.

Sawnie B. Smith, of Edinburg, Tex., and John D. McCall and Millard Parkhurst, both of Dallas, Tex., for appellee.

Before FOSTER and McCORD, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellee applied for relief under Chapter 9 of the Chandler Act 11 U.S.C.A. § 401 et seq., applicable to municipal corporations. The appellant, a partnership, indebted to the District for water rents, etc., pleaded as an offset thereto a claim as-

signed to it by one of the members of the partnership, but as to which the District had no notice until several months after this proceeding was filed, and after creditors of the partnership had instituted garnishment proceedings against the District seeking to subject the claim to the payment of that partner's individual debt. The court below disallowed the offset, approved the appellant's claim for the face amount thereof without interest, to-wit, $3540.37, and directed that it should receive $1235.66 "in full settlement" on the basis of 35¢ on the dollar, the same as received by other general creditors.

The appellant claims that according to Sec. 108, Tit. 11, U.S.C.A., its indebtedness to the District and the latter's to appellant were mutually due and required to be offset one against the other; and further, that the offset should be allowed under the general principles of equity. It is further contended that there was error in ordering that payment be withheld until the garnishment proceeding in the State court has been decided.

■ We think counsel for appellee is correct in his contention that the matter is controlled by Chapter 9 dealing with municipal corporations, rather than by general provisions of the Bankruptcy Act. Such a corporation has no estate or assets, generally speaking, but is dependent for the payment of its debts upon the power of taxation. Whatever adjustment of its affairs are made in such a proceeding as this must be carried out either by refinancing, which is the method used here, or by the substitution of new obligations to its creditors. In either case, payment can be had only through taxation or special assessment. In the present instance the R. F. C. has agreed to lend sufficient money to pay creditors 35¢ on the dollar and to take new bonds as security therefor.

■ Claims such as those due by the appellant to the District, if owed by a solvent debtor, can be collected in full, and it is within the sound discretion of the bankruptcy court as to whether set off in any case should be allowed as a matter of equity between all creditors. If to do so would work a discrimination or prejudice to other creditors, then under the general principle that all in the same class should be treated alike, it may refuse to allow the offset. To permit it in this case would enable the claimant to benefit to the extent of a credit of one hundred per cent for its claim against the District, as against thirty-five per cent for other creditors. In other words, instead of paying the $7,000 in full and receiving for this claim $1235.66, the partnership would pay only $3469.53, and the fund out of which other creditors are to be paid would be prejudiced by the sum of some $2294.81. Thus, one of the partners who was not indebted to the District could collect his own claim in full by transferring it to his firm. At the time of the filing of these proceedings, so far as the District or other creditors knew, the individual partner was the creditor. The plan had been approved and a large part of the bonds taken over by the Government, and notice of the alleged assignment was given after the garnishment had been run. In these circumstances and in the interest of fairness and equality between creditors, the lower court was justified in denying the offset. See Kaufman County Levee District v. Mitchell, 5 Cir., 116 F.2d 959; In re Neaderthal, 2 Cir., 225 F. 38; Lowden v. Northwestern National Bank & Trust Company, 8 Cir., 84 F.2d 847.

■ We also think the lower court could, in its discretion, allow the garnishment proceeding in the State court to proceed to final judgment, before distribution of the funds involved therein. Poinsett Lumber & Mfg. Company v. Drainage District No. 7, 8 Cir., 119 F.2d 270.

■ Appeal of J. L. Philips Investment Company. This creditor was the holder of bonds dated April 10, 1930, upon which it had obtained a judgment. It contended that its claim should have been classed with that of the Government, which had advanced the funds for reorganization and taken the old bonds as security. The judgment gave the claim no lien or superior standing over those of other bondholders and it was not entitled to receive more than the 35¢ on the dollar to be distributed to all. The Government's claim was for money presently advanced to carry out the plan of reorganization and the bonds were simply collateral to insure the repayment of those funds. See Luehrmann v. Drainage District No. 7, 8 Cir., 104 F.2d 696.

The judgment appealed from is affirmed.