**GREEN et al. v. CITY OF STUART, FLA.**

No. 10541.

Circuit Court of Appeals, Fifth Circuit.

April 29, 1943.

Rehearing Denied May 31, 1943.

Carroll Dunscombe, of Stuart, Fla., for appellants.

Michael G. Littman, of Stuart, Fla., and Joseph P. Lea, Jr., of Orlando, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

34

HUTCHESON, Circuit Judge.

■■■ The proceeding from which this appeal comes was one for the approval of a plan of composition of all of its bonded indebtedness and one judgment. It was begun on the petition of the City of Stuart filed under the provisions of Chapter 9 of the Bankruptcy Act.[1] Two of the appellants, Green and Newport Culvert Company, claim to be creditors of the City. Five of them, Turner, Van Tassel, Selser, Gosling and Van Slyck, claim to be owners of property in and adjacent thereto. The appeal of Green and Newport Culvert Company is from that part of the interlocutory decree of September 18, 1942, approving the plan, which strikes their claims as creditors. because not affected by the plan, and that part of the order of October 16, 1942, denying their motion to set that order aside. The appeal of Turner is from that portion of the same decrees which dismissed his claim for an adjudication that his property is not properly taxable for the refunding bonds to be issued under the plan. The other taxpayer appellants making the same claim that Turner makes, appeal from the order of October 16, 1942, denying their petition to intervene. Though the plan did not purport to compose their indebtedness, and the finding and order of the district judge entered after hearing as provided in the Bankruptcy Act[2] specifically adjudged that the plan did not affect them,[3] the creditor appellants take the position that they were in law affected by, and therefore they have a standing to be heard in opposition to the plan. We do not think so. Poinsett Lumber Co. v. Drainage District, 119 F.2d 270, relied on by the appellants does not so hold. The plan there was a general plan for the composition of all of the district's debts. The holding was that such a general plan affected all persons claiming, even though not named as creditors in the "list of all known creditors" required to be filed with the debtor's petition. The provisions of the act[4] set out in the opinion show clearly that the statute authorizes, indeed, contemplates, a plan affecting either all or part of the creditors. It provides, "The 'plan of composition', within the meaning of this chapter, may include provisions modifying or altering the rights of creditors generally, or of any class of them, secured or unsecured * * *. No creditor shall be deemed to be affected by any plan of composition unless· the same shall affect his interest materially", and there is a further provision that the judge shall determine whether or not any creditor is so affected. The purpose and effect of proceedings of this kind, as between the city and the consenting creditors, is by agreement to make more tolerable burdens which have become too intolerable to be borne. Since any applied plan affects only those within its compass, only those are proper parties to a proceeding to approve or disapprove it who are affected by it. If the plan of composition has strengthened the city's credit, and appellants, as they claim, are creditors, they have been benefited, not injured, by it, for without abating their indebtedness one whit, or in any respect abandoning or modifying any right they have to enforce it, they are sharers in the strengthened credit which the plan has brought about. On the other hand, if the city's credit stands as it did before the plan, that is, if the plan has not substantially reduced the composed indebtedness or enhanced the city's ability to take care of it, appellants cannot complain, for, unaffected by the proceeding, they stand with reference to the city and to the debts composed just as they stood before the acceptance of the plan.

---

[1] 11 U.S.C.A. §§ 401–403.

[2] "No creditor shall be deemed to be affected by any plan of composition unless the same shall affect his interest materially, and in case any controversy shall arise as to whether any creditor or class of creditors shall or shall not be affected, the issue shall be determined by the judge, after hearing, upon notice to the parties interested." 11 U.S.C.A. § 403 (a).

[3] " * * * it appearing to the Court that such persons are not in any manner affected by this Plan of Composition, and that such persons do not own securities affected by this Plan of Composition and therefore are strangers to this proceeding and have no right to be heard herein, and that some of such persons are taxpayers and therefore have no right to intervene in this cause; and it further appearing to the Court that due and regular noti ɔ was given in accordance with the Bankruptcy Act for a hearing on the petition on September 14, 1942, and that all of such persons had ample opportunity to be heard, and that an interlocutory decree has been duly and regularly entered in this cause, and that more than ten days from the entry thereof has expired, * * *."

[4] 11 U.S.C.A. § 403.

The district judge was right in striking the intervention of the creditor appellants. He was right, too, as to the interventions of the taxpayer appellants. If, as they claimed in their interventions, their property was not subject to be taxed for the payment of the debts the plan sought to compose, they are not proper parties to a proceeding, the only object and purpose of which is to compose and adjust that indebtedness, for, not liable for the indebtedness in its original form, nothing in the composition proceedings purports to make them liable for it in its composed form. If, on the other hand, they are taxable for the original indebtedness, as taxpayers they have no standing in a proceeding, the only object and purpose of which is to make some adjustment of that indebtedness. A composition in bankruptcy of the indebtedness of local taxing districts, including municipalities, is a special exercise of the bankruptcy jurisdiction, is dependent upon state consent and is limited to that consent, United States v. Bekins, 304 U.S. 589, 58 S.Ct. 1043, 82 L.Ed. 1549, and the provisions of the statute have been precisely and carefully drawn to effect the single purpose for which that consent has been secured. Cf. Leco Properties, Inc., v. R. E. Crummer & Co., 5 Cir., 128 F.2d 110 and Ware v. R. E. Crummer & Co., 5 Cir., 128 F.2d 114. This purpose is to permit local taxing agencies, including cities, towns or other municipalities, and their consenting creditors to compose their indebtedness. Nothing in the act purports to confer jurisdiction upon the court of bankruptcy to determine the existence of the city as a city, or disputes as to the extent of its boundaries or as to particular persons and properties subject to its taxing powers. For the purpose of the proceeding, the court must accept the city as it and the creditors affected by the plan accept it, as a duly constituted municipality exercising the powers in, and having the jurisdiction over, the territory which it assumes to have and exercise. The court of bankruptcy may not, therefore, permit intervention in a proceeding of this kind for the purpose of making a collateral attack upon the existence or authority of the city. It may not exercise jurisdiction in the nature of quo warranto to determine what properties are and what are not lawfully subject to the city's taxing power. These are matters of state cognizance and state determination. The state has not consented to their determination in this kind of proceeding. The congress has not undertaken to confer jurisdiction to determine them. Cf. Willacy County Water Control & Improvement District No. 1, D.C., 36 F.Supp. 36. The orders appealed from were rightly entered. They are

Affirmed.

### On Rehearing.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Rehearing denied.